# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11 cr 18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRANDON BRADLEY. | ) | |
| _____ | ) | |

**THIS MATTER** is before the undersigned, pursuant to a filing by the government entitled "Objection to Order Allowing Defendant's Motion to Withdraw" (#22). On February 14, 2012 the undersigned entered an Order (#21) allowing Heather Martin and the Federal Defender's Office to withdraw as counsel for defendant in the above entitled matter. The defendant had previously been represented by Ms. Martin at all proceedings in this matter, including an entry of a guilty plea of defendant that occurred on January 19, 2012. At the time of the hearing of the motion to withdraw by Ms. Martin, the court was advised that Ms. Martin had discovered she and the Federal Defender's of Western North Carolina had a conflict of interest that existed between defendant and another client who was and continues to be represented by the Federal Defender's of Western North Carolina. At the time of the hearing of the motion on February 8, 2012, the undersigned allowed the motion to withdraw but orally advised defendant that should the defendant, after having time to consult with his new attorney, chose to do so, the undersigned would schedule a

hearing in regard to any motion that defendant might have to withdraw his plea of guilty. The undersigned did so out of an abundance of caution and because of the conflict of interest of defendant's counsel which may existed at the time of the entry of the plea of guilty by defendant.

In the objection by the government, the government seems to assume that by stating that a hearing would be allowed, the court was also stating that a motion to withdraw the plea of guilty would also be allowed. That is not, and was not, the case. If a motion had been filed by defendant, a hearing would have been scheduled but at that time defendant would have had to have shown adequate reason for the withdrawal of his guilty plea. As of the filing of this Order, new counsel has been appointed for defendant and defendant has not filed any motion requesting permission to withdraw his plea of guilty. By not filing a motion to withdraw the plea of guilty it appears to the undersigned defendant is satisfied with his plea and does not wish to withdraw the plea. As a result, the undersigned considers the matter resolved. The document entitled "Objection to Order Allowing Defendant's Motion to Withdraw" (#22) shall be overruled and denied.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the document entitled "Objection to Order Allowing Defendant's Motion to Withdraw" (#22) is hereby **OVERRULED**

AND **DENIED.**

Signed: April 25, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge